

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 17, 1952

Mrs. B. B. Sapp
Executive Director
Teacher Retirement
  System of Texas
Austin, Texas

Dear Mrs. Sapp:

Opinion No. V-1465

Re: Actively employed or
    retired status of a
    member of the Teacher
    Retirement System who
    dies less than 30 days
    after effective date
    of retirement.

Your request for an opinion concerning the membership status, active or retired, under the Teacher Retirement Law of Dr. Clarence T. Gray at the time of his death on May 20, 1951, reads in part as follows:

"Dr. Clarence T. Gray asked the Teacher Retirement Department for retirement benefits, stating that his work with the University of Texas would terminate April 30, 1951. The request was made April 19, 1951, and the application completed by Dr. Gray indicated that he wished to receive his annuity payments under Option No. I. Dr. Gray died May 20th.

"This department has ruled that Dr. Gray, under the circumstances, was not entitled to retirement benefits, but died an active member, and therefore, Mrs. Gray is entitled to the return of Dr. Gray's accumulated deposits in the System but is not entitled to retirement benefits for the following reasons:

"Section 5, Subsection 7, Paragraph 5, of the retirement law, as amended by the 47th, 48th, 50th and 51st Legislatures, reads as follows:

"'With the provision that no optional selection shall be effective in case a beneficiary dies within thirty (30) days after retirement and that such a beneficiary shall be considered as an active member at the time

of death, any member may, until the first payment on account of any service benefit becomes normally due, elect to receive his prior-service annuity in an annuity payable throughout life, or he may elect to receive the actuarial equivalent at that time, of his prior-service annuity in a reduced prior-service annuity payable as provided in Options (1), (2), or (3) above, provided that all payments under all prior-service annuities are subject to adjustment by the State Board of Trustees as provided in Section 5, Subsection 2, Paragraph (b) of this Act; provided further, that the same option must be selected by a member for the payment of his prior-service annuity as is selected by the member for the payment of his membership service annuity.'

"Since Dr. Gray stated that his services with the University of Texas would terminate April 30, 1951, and since he chose Option No. I, this department holds that he died an active member, as he died within less than thirty days after the effective date of his retirement. This department has received the deposits for the work rendered at the University of Texas through the month of April, 1951.

"  . . .

"In view of the fact that Dr. Gray appeared on the University of Texas payroll through April 30, 1951 and since his application stated that his services would terminate on April 30, 1951, and further, since he died on May 20, 1951, less than thirty days after the effective date of his retirement, are we within our rights in holding that Dr. Clarence T. Gray died an active member not entitled to retirement benefits as set forth in Option No. I?"

Section 1(22) of the Teacher Retirement Law, Article 2922-1, V.C.S., as amended, provides as follows:

"'Retirement' shall mean withdrawal from service with a retirement allowance granted under the provisions of this Act."

Subdivision 1 of Section 5 of Article 2922-1 provides in part:

"Any member may retire upon written application to the State Board of Trustees. The effective date of retirement for any member, making application under this Act, shall be, at the option of said member, forthwith or as of the end of the school year then current, provided . . ."

Subdivision 7 of Section 5 further provides:

"With the provision that no optional selection shall be effective in case a beneficiary dies within thirty (30) days after retirement, and that such a beneficiary shall be considered as an active member at the time of death, any member may until the first payment on account of any service benefit becomes normally due elect to receive his membership annuity in an annuity payable throughout life, or he may elect to receive the actuarial equivalent at that time, of his membership annuity in a reduced membership annuity payable throughout life with the provision that:

"Option (1). Upon his death, his reduced membership annuity shall be continued throughout the life of, and paid to, such person as he shall nominate by written designation duly acknowledged and filed with the State Board of Trustees at the time of retirement; or . . ."

This subdivision also contains a similar provision with respect to a member's prior-service annuity. Under the quoted provisions of the Teacher Retirement Law, a member eligible for service retirement under subdivision 1 of Section 5, Article 2922-1, may elect to retire under any one of the optional allowances set out in subdivision 7 of Section 5, provided he makes his election before "the first payment on account of any service benefit becomes normally due." But subdivision 7 of Section 5 specifically provides (1) that no such optional selection shall be effective in case a beneficiary member dies within thirty days after retirement, and (2) that such a beneficiary member who dies within thirty days after retirement under an optional selection "shall be considered as an active member at the time of

death." Thus, the Legislature has provided that the thirty-day provision of subdivision 7 of Section 5 is to be calculated from and after the date that the member has been retired with an optional selection allowance granted. Section 1(22) of Article 2922-1, defines "retirement" for the purpose of the law to mean "withdrawal from service with a retirement allowance granted." Woods v. Reilly, 147 Tex. 586, 218 S.W.2d 437 (1949).

Under the facts submitted, Dr. Gray on April 19, 1951, made application to retire in accordance with subdivision 1 of Section 5 and stated that he would withdraw from service with the University of Texas on April 30, 1951. On the date of application he attempted to select "Option 1" settlement. By stating that his work at the University would be terminated on April 30, 1951, he thereby indicated that he should be retired forthwith after his employment with the University ceased and not at the end of the then current school year. Such a choice is granted members eligible to retire in subdivision 1 of Section 5. His retirement prior to April 30, 1951, could not have been had under these circumstances. There must be a withdrawal from service before service retirement benefits may be granted under the Teacher Retirement Law. Art. 2922-1, Sec. 1(22) and Sec. 5, subd. 1, V.C.S. Dr. Gray died on May 20, 1951, which was less than thirty days from April 30, 1951, the earliest date on which he could have been retired under the law and facts herein considered. Thus, he had not retired within the meaning of the act, but was an "active member" within the meaning of subdivision 7 of Section 5 at the time of his death.

Based upon what the Legislature has expressly provided in the Teacher Retirement Act, the ruling of the Teacher Retirement System of Texas that Dr. Gray died an "active member" within the meaning of subdivision 7 of Section 5, Article 2922-1, V.C.S., is correct. Such changes as may be necessary in the law in order to reach a more just and equitable result is a matter solely within the discretion of the Legislature.

## SUMMARY

Under the existing law a member of the Teacher Retirement System who makes an optional selection under Section 5, subdivision 7,

Article 2922-1, V.C.S., and who dies within thirty days after termination of active service, is an active member at the time of death, although application for retirement was made more than thirty days prior to death. Sec. 1(22), Art. 2922-1, V.C.S.; Woods v. Reilly, 147 Tex. 586, 218 S.W.2d 437 (1949).

Yours very truly,

APPROVED:

Mary Kate Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

CEO:mw,mh

PRICE DANIEL
Attorney General

By *Chester E. Ollison*

Chester E. Ollison
Assistant